DETROIT NATIONAL BANK *v.* UNION TRUST CO.

1. BILLS AND NOTES—CERTIFIED CHECK—HOLDER IN DUE COURSE —GOOD FAITH.

In an action on a check unlawfully certified, without funds of the drawer on deposit, evidence that the checks were withheld from presentation at the drawer's request, and interest charged thereon, that the charges were unusual and usurious, that the loans were made in excess of the legal limit, that a statement of the bank drawn upon was in the possession of the payee showing a small amount of certified checks outstanding, that a former assistant cashier had criticised the system as bad banking, and that the drawer stated to the payee that the bank had no money to pay the checks, tends to show bad faith, and supports a verdict for the defendant.

2. TRIAL—APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—
ARGUMENT—IMPROPER STATEMENTS OF COUNSEL.

  Failing to except to objectionable argument with sufficient
  distinctness to be heard by the court and counsel, prevents a
  review on appeal, and is not excused by a previous warning
  of the trial court not to commit error and not to expect him
  to control the attorneys.

Error to Washtenaw; Kinne, J. Submitted October
5, 1909. (Docket No. 6.) Decided November 5, 1909.

The Detroit National Bank filed its claim with the
Union Trust Company, receiver of the City Savings Bank,
on certain certified checks, and on disallowance of its
claim filed its petition to intervene. An issue was framed
and tried on the law side of the court, resulting in judg-
ment for the receiver, which is reviewed by claimant on
writ of error. Affirmed.

*Henry A. Harmon* (*Geer, Williams, Martin & But-
ler*, of counsel), for appellant.

*Bowen, Douglas, Whiting & Eaman* (*James O.
Murfin* and *John C. Donnelly*, of counsel), for appellee.

MONTGOMERY, J. This is an action brought to deter-
mine the liability of the City Savings Bank to plaintiff
upon two checks dated February 6, 1902; one for $100,000,
and the other for $110,000, upon which latter check
$50,000 has been paid, leaving a balance of $160,000 un-
paid on the two checks. Both checks were drawn by
Frank C. Andrews on the City Savings Bank in favor of
the plaintiff, and certified to be good by the paying teller of
the City Savings Bank. When these checks were certi-
fied by the teller of the City Savings Bank, Andrews had
no money actually standing to his credit upon the books
of that bank, and they were therefore falsely and illegally
certified.

It is conceded by the plaintiff, and that is likewise the
contention of the defendant, that the question of the right

to recovery is determined by the question of the *bona fides* of the bank. In other words, it is conceded by the defendant that, if the bank was a good-faith purchaser of this check for value, and took it in due course of business, it is an enforceable demand against the assets of the City Savings Bank.

On the first trial of this case a verdict was rendered in favor of the defendant, the case was brought to this court for review, and is reported in 145 Mich., at page 656 (108 N. W. 1092, 116 Am. St. Rep. 319). The contention was made in that case that the uncontradicted evidence in the case established that the plaintiff is a bona fide holder of the two checks. This contention was disallowed, and it was held that under the circumstances of the case as they appeared upon the trial the question of *bona fides* was a question for a jury. The case has been again tried in the Washtenaw circuit court; the defendant has again recovered a verdict, and the plaintiff brings the case here for review.

The contentions made on this hearing are that the verdict was against the weight of evidence; that the circuit judge erred in the exclusion and admission of testimony; that the court erred in permitting improper comments by defendant's counsel in their arguments to the jury; and that the court erred in refusing to give plaintiff's requests to charge.

In determining the first question, the rule of law established in the case on the former hearing is to be followed; we having held in that case that the circumstances of the case taken together had sufficient tendency to show *bona fides* as to raise a question of fact for the jury, and that, while plaintiff's cashier testified that he had no knowledge or suspicion of the want of funds in the City Savings Bank, the circumstances of the case tended to negative this statement. It was said:

"It was competent to show the knowledge of plaintiff's officers as to the pecuniary standing, methods, and dealings of Andrews and the City Savings Bank, the volume of

similar business done, and the terms upon which it was done, and whether transactions were ordinary or usual in their character. It was proper to show that the business done with Andrews was not communicated to, or known by, plaintiff's directors."

Similar testimony was put into the present case. It appeared that in the course of dealing between the plaintiff bank and Andrews these checks, after being certified, were placed in plaintiff bank, and were, at the request of Andrews, withheld from presentation to the City Savings Bank, and interest was charged upon this money. This tended to show that the money advanced upon these checks was regarded as a loan to Andrews. It further appeared that the bank daily made loans in excess of the provision of the national banking law; that the charges made were unusual, exorbitant, and usurious; that the published statement of the City Savings Bank of December 10th, a copy of which was in the plaintiff's possession, showed that the total of certified checks outstanding of that bank was a little over $10,000, and yet at that time this bank had in its possession certified checks for a sum largely in excess of this amount. Mr. McPherson, the president of the plaintiff bank, testified that he saw the statements of the other banks generally when they were published, and it was his practice generally, when these statements were published in the papers, to glance them over, but that he had no recollection of having examined this particular statement or the items. It appears, however, that it was in a book kept in the bank, and was regarded as proper testimony for the jury in the former case. Mr. Stewart, a former assistant cashier of the plaintiff bank, gave testimony tending to show that he himself expressed to De Graff the belief that their method of dealing with Andrews was bad banking, and that Mr. De Graff on one occasion, holding up one of these certified checks, expressed doubt as to whether Andrews was using the credit of the City Savings Bank in having these checks certified in that way. Mr. Andrews testified that

when he asked De Graff to hold these checks out, he gave
as his reason that the bank did not have the money to pay
for them. Counsel for the appellant strenuously urge
that this testimony was not sufficient to overcome the
positive testimony of the plaintiff's witnesses, but it is
clear that, if the testimony of Stewart and Andrews is
believed, the jury could not well have failed to find a
want of good faith on the part of this cashier.

Another circumstance which is to us significant, al-
though not controlling, is the fact that these checks should
be withheld from presentation to the City Savings Bank
at Andrews' request, or for any other reason. The issu-
ance of a certified check imports that there is deposited
with the bank the amount which the check represents.
Ordinarily the payee of the check would have no interest
in having the check withheld from presentation to the
bank. It is true in the present case Mr. Andrews was
interested largely in the City Savings Bank. This might
have furnished some reason for such a request. But it
certainly is out of the usual course, and when to that is
added the fact that he paid out of his own funds interest
upon the total amount of the check, not at bank rates,
but at the highest legal rate or higher, the fact is of great
significance. On the whole record, we are unable to say
that this verdict is clearly against the weight of the testi-
mony.

The contention that the fact that the loans exceeded
the limits fixed by the national banking act, and that the
charge of excessive interest and excessive charges gener-
ally for the accommodation of Andrews and unusual
favors granted him were not evidence of the want of good
faith, is sufficiently answered by what was said when the
case was before us on the former occasion. It was said in
the opinion of Mr. Justice HOOKER, referring to the ar-
gument of counsel:

" Comment was made on the fact that much more
money was advanced to Andrews, on the certified checks,

than the bank was authorized to loan. That certainly did not of itself invalidate plaintiff's claim, nor did any usurious charges made; but if, as appears to be claimed, these transactions were really loans to Andrews, instead of a legitimate discounting of certified checks, they were circumstances to be considered upon the main question."

We find no error in the admission of testimony, which followed precisely the line adopted on the first trial.

Objections are taken to the argument of counsel. Without implying that the argument is open to the criticism which was directed to the argument of counsel on the former trial, it is enough to say that the exceptions to the argument were noted by a statement to the stenographer by plaintiff's counsel in a tone inaudible to the court or to any of the counsel for the defendant. The only explanation of this is the comment of the court to counsel before the argument commenced. The court said:

"There is a temptation during an argument of this kind to step outside the record, and to say something that will make trouble hereafter. Now, whatever verdict is reached in the case, I hope, and I am sure you hope, to hold, and in order to do that, I warn you people to be careful what you say. I don't want to sit here as a schoolmaster with a ferrule in my hand, but I want you to keep within the record and be careful of this. It is all with yourselves. If you see fit to commit error, all I can say or do will not prevent it, and I am not going to attempt to try it. If you commit an error, and there is a verdict found by this jury, the other side can have it set aside by another court, and so I wish to caution you to be careful and not require me to give any regard to your control."

It is claimed by plaintiff's counsel that this relieved him of the necessity of noting an exception or interrupting opposing counsel. We do not think this should be so understood. It is more in the nature of a caution to counsel on both sides. Neither party would understand from this that their case should be reviewed upon exceptions noted without their having an opportunity of knowing of their nature and correcting any possible misstatement in the course of argument.

As to the errors assigned upon the failure to give requests, it is not necessary to set out the charge at length, but we think it sufficient to say that in a very clear and concise charge the circuit judge followed the rules laid down by this court on the former trial, and gave the case to the jury in a connected charge, omitting no feature which either party had the right to have presented, and that no error was committed in refusing the requests presented. The case was fairly tried, a verdict of the jury has determined the case for the defendant, and that verdict is sustained.

Blair, C. J., and Grant, Ostrander, and Hooker, JJ., concurred.